Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
DANA RUTH LIXENBERG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RUTH LIXENBERG, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ELDRIDGE INDUSTRIES, LLC, individually and d/b/a "Stereogum," a Delaware limited liability company; PROMETHEUS GLOBAL MEDIA, LLC, individually and d/b/a "Stereogum," a New York Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

1
COMPLAINT

Plaintiff, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. LIXENBERG is an individual residing in the state of New York in the United States.

5. Plaintiff is informed and believes and thereon alleges that Defendant ELRIDGE INDUSTRIES, LLC, individually and doing business as "STEREOGUM" is a Delaware corporation with its principal place of business located at 600 Steamboat Road, Greenwich, Connecticut 06830, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant PROMETHEUS GLOBAL MEDIA, LLC, individually and doing business as "STEREOGUM" is a New York Limited Liability Company doing business in and with the State of California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**INTRODUCTION AND STATEMENT OF FACTS**

1. Plaintiff Dana Ruth Lixenberg ("LIXENBERG") brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of her original photography by Defendants ELRIDGE INDUSTRIES, LLC, individually and doing business as STEREOGUM ("STEREOGUM").

2. LIXENBERG is well-renowned for, amongst other things, creating compelling and resonant portraiture and imagery. Her celebrated portfolio includes a photograph depicting the late recording artist Christopher "Notorious B.I.G" Wallace and his then manager, Sean "Puff Daddy"[1] Combs. A photograph from that series, as set forth below as the Subject Photograph on the left side column of the below

---

[1] Mr. Combs has a number of additional *noms de plume*, but this one seems to be the stickiest with the public.

1  illustrative chart and referenced hereinafter as the "Subject Photograph," has been
2  misappropriated and published without permission (or payment of a licensing fee) by
3  the content-based music website STEREOGUM. STEREOGUM and its parent
4  company, ELRIDGE INDUSTRIES, misappropriated, distributed, and published the
5  Subject Photograph on its website and associated platforms, and did so without
6  seeking authorization from, or even notifying, LIXENBERG. This is copyright
7  infringement.

8      3.    STEREOGUM is a website that posts music news, interviews, and
9  similar content. They derive revenues in large part from advertising. On March 9,
10 2017, STEREOGUM published the Subject Photograph without LIXENBERG's
11 position and without even advising her of said publishing ("Subject Post").

12     4.    LIXENBERG created the Subject Photograph and owns all rights in said
13 photograph and has submitted said photograph to the U.S. Copyright Office for
14 registration, complying with all formalities in doing so.

15     5.    Plaintiff is informed and believes and thereon alleges that Defendants
16 accessed the Subject Photograph via an online search and copy campaign and then
17 published and exploited it without the authorization of Plaintiff.
18 .

# EXHIBIT A

| SUBJECT PHOTOGRAPH: | ACCUSED IMAGE AS PUBLISHED BY STEREOGUM:[2] |
|---|---|
| | |

4.   A comparison of the Subject Photograph with the Accused Image reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

3.   Plaintiff at no point authorized Defendants, or any of them, to use the Subject Photograph as complained of herein

---

[2] This exemplar is not meant to encompass all Accused Images; the claims made herein are as to any publication, advertisement, distribution, monetization, or other use by Defendants, and/or each of them, that incorporates without permission, in whole or in part, the Subject Photograph.

5. LIXENBERG issued a cease and desist demand to STEREOGUM, and STEREOGUM, through counsel, claimed to have copied the Subject Photograph from The Tampa Bay Creative Loafing site. Below is an excerpt from STEREOGUM's counsel's email:

> Scott,
>
> I wanted to check back in to see if your client is able to provide licensing history information.
>
> Per your request, my client has informed me that the photo came from http://www.cltampa.com/music/article/20762491/way-back-wednesday-the-notorious-big
>
> I look forward to speaking with you soon.
>
> Best,

5. STEREOGUM's representations, however, were false, as the link referenced by counsel above is to an entirely different photograph. See below for a comparison of the Subject Photograph and the photograph that STEREOGUM claims to have copied:

| ACCUSED IMAGE AS PUBLISHED BY STEREOGUM | TAMPA BAY CREATIVE LOAFING ARTICLE |
|---|---|
|  | |

6. In addition to the apparent misrepresentations regarding its copying of the Subject Photograph, STEREOGUM refused to tender to Plaintiff reasonable compensation for the use of her photograph, prompting this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

1. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

2. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, through stereogum.com.

3. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's authorization or consent.

4. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source.

5. Plaintiff is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Image.

6. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

7. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

8. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

9. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

10. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

11. Plaintiff is informed and believes and thereon alleges that Defendants, knowingly induced, participated in, aided and abetted in and profited from the illegal

reproduction publication, and distribution of the Subject Photograph as alleged hereinabove.

12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Accused Image.

13. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

14. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, in addition to claims for costs and attorneys' fees. Within the time

permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follow against all defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505.

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505;

d. That a trust be entered over the Accused Image, and all profits realized through the infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 9, 2017

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorney for Plaintiff
DANA RUTH LIXENBERG